IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| ERIKA FLORES, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. G-02-657 |
| § | |
| CITY OF PALACIOS and § | |
| WILBERT KALINA, a.k.a. BILLY KALINA, § | |
| § | |
| Defendants. § | |

### ORDER GRANTING DEFENDANT CITY OF PALACIOS' MOTION FOR SUMMARY JUDGMENT

Erika Flores ("Plaintiff") asserts claims against the City of Palacios, Texas and Officer Wilbert Kalina, under 42 U.S.C. § 1983, alleging that she was subjected to an excessive use of force in violation of her rights under the Fourth Amendment of the United States Constitution. Now before the Court is Defendant City of Palacios' (hereinafter "City") Motion for Summary Judgment. For the reasons stated below, the Motion is **GRANTED** and Plaintiff's claims against the City only are **DISMISSED WITH PREJUDICE.**

**I. Background**

Plaintiff asserts claims against the City under 42 U.S.C. § 1983, alleging that she was subjected to an excessive use of force in violation of her rights under the Fourth Amendment of the United States Constitution. The facts of this case have previously been recited at *Flores v. City of Palacios*, 270 F. Supp. 2d 865, 869 (S.D. Tex. 2003), and will be briefly reviewed here.

On July 16, 2002, Plaintiff, a sixteen-year-old girl, was visiting her cousin and some friends

at her aunt's house. That evening, around 11:00 p.m., Plaintiff called her mother and told her that she was on her way home. Plaintiff left her aunt's house, got into her car, and turned on the radio. As she started to pull away she heard a noise, felt something hit her car, and immediately stopped. After she got out of the car, she was accosted by Officer Wilbert Kalina ("Kalina"). Officer Kalina had fired his gun at Plaintiff's car to stop her. Once Plaintiff was out of the car, Officer Kalina exclaimed, "I almost killed you!" He then forced Plaintiff to the ground, handcuffed her, and arrested her. Kalina's shot entered Plaintiff's bumper just above the tailpipe and became lodged in the back of the muffler. Plaintiff claims that she was already in her car when Officer Kalina's car drove past her, and that she never heard him tell her to stop, to pull over, or to get out of the car. Officer Kalina claims that Plaintiff fled from him after he told her to stop. Plaintiff suffered no physical harm as a result of the shooting, but claims that she suffers from mental anguish, headaches and nightmares. Plaintiff alleges that Officer Kalina used excessive force in arresting her, and that the City failed to adequately train Officer Kalina. Plaintiff has sued the City under 42 U.S.C. § 1983.

On May 30, 2003, this Court granted in part and denied in part the City's and Officer Kalina's Motion to Dismiss for Failure to State a Claim, denied the City's and Officer Kalina's Alternative Motion for More Definite Statement or Reply, and denied Officer Kalina's Motion for Summary Judgment. On appeal, the Fifth Circuit affirmed in part and reversed in part. *See Flores v. City of Palacios*, 381 F.3d 391 (5th Cir. 2004). This case is before this Court pursuant to remand mandate, and the City now moves for summary judgement, arguing in essence that it did not cause the alleged violation of Plaintiff's constitutional rights.

## II. Summary Judgment Standard

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *see also Celotex Corp. v.*

*Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 2552–53, 91 L. Ed. 2d 265 (1986). The party moving for summary judgment bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323, 106 S. Ct. at 2553. The movant may meet this burden by pointing out to the Court that there is an absence of proof on any essential element of the non-movant's case. *Id.* at 325, 106 S. Ct. at 2554. Once this burden is met, the non-moving party must come forward with "specific facts showing there is a genuine issue for trial." Fed. R. Civ. P. 56(e), *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252, 106 S. Ct. 2505, 2512, 91 L. Ed. 2d 202 (1986).

The Court must view all evidence in the light most favorable to the non-movant. *See, e.g.*, *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003), *cert. denied*, 539 U.S. 915, 123 S. Ct. 2276, 156 L. Ed. 2d 130 (2003). If the evidence would permit a reasonable fact finder to find in favor of the non-moving party, summary judgment should not be granted. *See Anderson*, 477 U.S. at 247–48, 106 S. Ct. at 2510. Determining credibility, weighing evidence, and drawing reasonable inferences are left to the trier of fact. *See Anderson*, 477 U.S. at 255, 106 S. Ct. at 2513.

**III. Analysis**

The City argues that it is entitled to summary judgment as a matter of law because: (1) the record fails to demonstrate the existence of any unconstitutional policy or custom; (2) the City's training program for its police officers is constitutionally adequate and Officer Kalina was in compliance with the training requirements; (3) the City was not deliberately indifferent to any need for additional

training or supervision of its police officers; and (4) the City and its policies were not the cause of the alleged violation of Plaintiff's constitutional rights.

Municipal liability under § 1983 requires a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *See Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (citing *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 690–94, 98 S. Ct. 2018, 2035–37, 56 L. Ed. 2d 611 (1978)). A plaintiff must show that the execution of a municipality's policies or customs led to the constitutional violation. *See Colle v. Brazos County., Tex.*, 981 F.2d 237, 246 (5th Cir. 1993). Municipalities may not be held liable under a theory of vicarious liability. *See Bd. of Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403, 117 S. Ct. 1382, 1388, 137 L. Ed. 2d 626 (1997). The Supreme Court has said that the requirement of "locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." *Bd. of Comm'rs of Bryan County*, 520 U.S. at 403–04 (citing *Monell*, 436 U.S. 658, 98 S. Ct. 2018). Rarely will the isolated unconstitutional action of a single municipal employee trigger municipal liability. *See Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)).

A municipality may incur § 1983 liability for inadequacy of police training if a plaintiff can establish that the municipality's policy of hiring or training caused the unconstitutional act complained of. *See Baker v. Putnal*, 75 F.3d 190, 200 (5th Cir. 1996); *Benavides v. County of Wilson*, 955 F.2d 968, 972 (5th Cir. 1992). To hold a municipality liable for inadequate training, a plaintiff must prove that "(1) the training or hiring procedures of the municipality's policymaker were inadequate, (2) the municipality's policymaker was deliberately indifferent in adopting the hiring or training policy, and (3) the inadequate hiring or training policy directly caused the plaintiff's injury." *Baker*, 75 F.3d at

200 (citing *City of Canton v. Harris*, 489 U.S. 378, 385–87, 109 S. Ct. 1197, 1205–07, 103 L. Ed. 2d 412, 424–26 (1989); *Benavides*, 955 F.2d at 972).  Plaintiff must show more than that "an injury or accident could have been avoided if an officer had had better or more training, sufficient to equip him to avoid the particular injury-causing conduct [because] ... [s]uch a claim could be made about almost any encounter resulting in injury...." *City of Canton*, 489 U.S. at 391, 109 S. Ct. at 1206.  A plaintiff cannot sustain a failure to train or inadequate training claim under § 1983 if the municipality complies with state-mandated training standards for its officers.  *See Benavides*, 955 F.2d at 972–73; *Gonzales v. Westbrook*, 118 F. Supp. 2d 728, 737–38 (W.D. Tex. 2000); *Huong v. City of Port Arthur*, 961 F. Supp. 1003, 1007 (E.D. 1997).  *See also Conner v. Travis County*, 209 F.3d 794, 798 (5th Cir. 2000); *Santiago v. City of Houston*, No. 04-1103, 2005 WL 1711863, at *10 (S.D. Tex. July 20, 2005); *Holland v. City of Houston*, 41 F. Supp. 2d 678, 707 (S.D. Tex. 1999).

The summary judgment evidence demonstrates that Officer Kalina received his peace officer license on December 12, 2000, and that at the time of the incident in question he was a licensed police officer.  The City of Palacios's police department requires that each of its police officers be licensed as a peace officer through the Texas Commission on Law Enforcement Officer Standards and Education ("TCLEOSE"), and that they be trained in accordance with the requirements of the State of Texas.  To fulfill both the state and licensing requirements, each police officer must receive training on the use of force and the Constitutional limitations thereon, as well as on arrest procedure and the Constitutional limitations thereon.  Plaintiff has raised no issue of fact regarding Officer Kalina's compliance with these minimal requirements.

Plaintiff's argue that Officer Kalina could have received more or additional training (in fact, he did receive additional training after the incident giving rise to this lawsuit), but as noted by the Supreme Court in *City of Canton v. Harris*, this argument can always be made.  *See City of Canton*,

489 U.S. at 391, 109 S. Ct. at 1206. Plaintiff has not shown that the training Kalina received prior to the shooting of Plaintiff's vehicle was so inadequate as to give rise to a violation of § 1983, or that Officer Kalina was not licensed. In addition, the City has in place policies and practices that prohibit unlawful and inappropriate conduct. There are policies in place for disciplining officers when they violate the law or engage in inappropriate conduct. In this case, the Texas Rangers were asked to conduct an investigation regarding the shooting. That investigation was closed without the filing of any charges. The City then issued a written reprimand to Officer Kalina for his conduct in the incident and required that he undergo additional training. The City has complied with the requirements mandated by the State of Texas for the training of police officers. This fact is dispositive, and Plaintiff cannot prevail on its theory that the City failed to adequately train Officer Kalina, as a matter of law.

Plaintiff has not raised a genuine issue of material fact demonstrating that the incident giving rise to this lawsuit is anything more than a single incident that came about solely as a result of Officer Kalina's poor judgment. Plaintiff has failed to provide any evidence or raise any issue of material fact showing that the City was either culpable or the cause of the alleged constitutional violation committed against her. The City is not liable under § 1983 for Officer Kalina's conduct. Accordingly, the City's Motion for Summary Judgment is **GRANTED.**

## IV. Conclusion

For the reasons set forth above, the Motion for Summary Judgment of Defendant City of Palacios is **GRANTED** with respect to each and all of Plaintiff's claims against it, and those claims are **DISMISSED WITH PREJUDICE.** All claims against the individual Defendant, Wilbert Kalina, remain pending. Each party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date. A Final Judgment addressing this and all other claims will be issued in due course.

**IT IS SO ORDERED**.

**DONE** this 9th day of November, 2005 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge