IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| ERIKA FLORES | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-02-657 |
| | § | |
| CITY OF PALACIOS, ET AL. | § | |

**OPINION AND ORDER**

Following the continuance of the Pretrial Conference in this cause, this Court, in its effort to prepare this case for Trial, now issues this Opinion and Order on the Defendant's pending motions.

It is **ORDERED** that the "Defendant's Motion to Exclude or Limit Testimony of Michael Ratcliff" (Instrument no. 72) insofar as it seeks to preclude his testimony and opinions concerning Defendant Kalina's alleged use of excessive force[1] is **DENIED**. While the Court concedes that the cases go both ways, this Court **FINDS** that Rule 702's line between common and specialized knowledge is usually crossed when the "objective" standard of conduct to be applied by a Jury is defined by the specific reference to the actions of a reasonable *officer* as opposed to the generic reference to the actions of the quintessential reasonable *person*. See United States v. Mohr, 318 F.3d 613, 624 (4th Cir. 2003)  Of course, the facts of each case will determine whether expert testimony will assist the Jury, but often, as here, when the force used involves the potential lethal use of a gun, a Jury may start to ask itself:  what is an officer's training on using a gun?  Kopf v. Skyrm, 993 F.2d 374, 378 (4th Cir. 1993)    Ratcliff is

---

[1] Since the District Court dismissed all claims against the City of Palacios, any opinions of Ratcliff relevant to the City's "municipal" liability have been rendered moot and inadmissible.

sufficiently qualified to speak to this issue as an expert and his testimony may be helpful to the Jury.  On the other hand, Kalina will be free to vigorously to cross-examine Ratcliff and the Jury will ultimately be instructed that it is not bound to accept Ractliff's opinions.

It is further **ORDERED** that the "Defendant's Motion to Exclude or Strike Testimony of Donna Warren" (Instrument no. 71) is **GRANTED in part and DENIED in part**.  If Warren can exhibit adequate knowledge of any psychological counseling of Plaintiff for unrelated problems prior to the incident which forms the basis of this suit, she should be allowed to testify regarding her observations when meeting with Plaintiff.  United States v. Crosby, 713 F.2d 1066 (5th Cir. 1983)    However, Warren is not a medical doctor qualified to diagnose any psychological condition Plaintiff may suffer.  Accordingly, Warren cannot be permitted to testify about what treatment she claims to have provided or what Plaintiff said for purposes of that treatment, if any.

It is further **ORDERED** that the "Defendant's Motion for Leave to Supplement Expert Disclosures" (Instrument no. 73) is **GRANTED**.  The Defendant's expert witness Paul Carper will be considered properly designated and available to offer admissible testimony at Trial.

**DONE** at Galveston, Texas, this       22nd       day of November, 2005.

John R. Froeschner
United States Magistrate Judge

2